# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

### Case No.: 2:15cv14070

ILLINOIS UNION INSURANCE
COMPANY, an Illinois corporation,

              Plaintiff,

vs.

U-LINE CORPORATION, a Wisconsin
corporation,

              Defendant.

**AMENDED COMPLAINT**

COMES NOW, the Illinois Union Insurance Company, by and through its undersigned counsel, pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, and states as follows:

### PARTIES

1.     Plaintiff, Illinois Union Insurance Company (hereinafter "Illinois Union") is and has been at all material times organized under the laws of the State of Illinois, with a principal office address of 525 West Monroe Street, Suite 400, Chicago, Illinois 60661.

2.      Defendant, U-Line Corporation, (hereinafter "U-Line"), is and has been at all times material a foreign corporation. U-Line's principal place of business is 8900 N. 55th St., Milwaukee, Wisconsin 53223, whose registered agent for service is Corporation Service Company, 8040 Excelsior Drive, Suite 400, Madison, Wisconsin 53717.

### JURISDICTION AND VENUE

3.     Jurisdiction and Venue are proper in this Court because the cause of action occurred in Indian River County, the property which is the subject of the litigation is located in

Indian River County, and the damages suffered by Plaintiff exceed the jurisdictional limitation of this Court, exclusive of interest, costs, and attorneys' fees.

4.      This Circuit Court has subject matter jurisdiction pursuant to Florida Statute Section 26.012.

5.      This Circuit Court has personal jurisdiction over the Defendants pursuant to Florida Statute Section 48.193.

6.      Venue is proper in this jurisdiction pursuant to Florida Statute Section 47.051.

## FACTS COMMON TO AND INCORPORATED INTO ALL COUNTS

7.      On a date prior to May 20, 2013, Illinois Union issued a policy of insurance (hereinafter the "Policy") for the real property and contents owned by George Shinn (hereinafter "Mr. Shinn"), for his home located at 520 Bay Drive, in Vero Beach, FL 32963 (hereinafter "the Home").

8.      On or about May 20, 2013, a leak (hereinafter the "Leak") was discovered in the Home.

9.      The Leak caused damage to the Home and its contents.

10.     The Leak originated in an ice maker, model number U-BI2115B-00, serial number 072251-11-0021 (hereinafter the "Ice Maker").

11.     The Ice Maker was manufactured by the Defendant.

12.     The Ice Maker is an under the counter unit that was installed new in the Home in the summer of 2012.

13.     Once installed, the Ice Maker was not serviced or moved until the Leak was discovered.

14.     After the Leak was discovered, the Ice Maker was removed from the Home and

2

examined (the "Examination") by representatives of the Plaintiff and the Defendant.

15.     The Examination revealed no evidence that the Ice Maker had been subjected to any substantial exterior trauma.

16.     During the Examination, it was determined that the Leak was caused by a crack in the water supply line (the "Supply Line") in the interior of the Ice Maker.

17.     The Supply Line was wholly located inside the cabinet of the Ice Maker.

18.     The crack in the Supply Line was not caused by any external trauma to the Ice Maker.

19.     Pursuant to the Policy, Mr. Shinn tendered a claim for the damages caused by the Leak to Illinois Union. Illinois Union paid $205,000.00, which was the total claim for Mr. Shinn's damages, as required under the Policy.

20.     Having paid on this claim under a policy of insurance, Plaintiff proceeds with this action on the basis of the doctrine of conventional subrogation.

21.     A copy of the insurance contract is not attached hereto because Florida Rule of Civil Procedure 1.130(a) only requires attachment of "bonds, notes, bills of exchange, contracts, accounts, or documents upon which action may be brought or defense made" but forbids "unnecessary recitals of deeds, documents, contracts, or other instruments." This case involves no breach of the insurance contract, no claim between the parties to the insurance contract, and no claim of failure to pay under the contract such that the contract is not one "upon which" these claims are brought. The case of *Firestone Service Stores, Inc., of Gainesville v. Wynn*, 179 So. 175 (Fla. 1938) holds that an insurance policy need not even be introduced at trial by the subrogated insurer to establish the right of subrogation since the terms of the policy are not in issue and only question concerning policy is its issuance and the payment under the policy to the

insured.

22.     In the alternative to the conventional subrogation basis for this claim, Plaintiff is also entitled to proceed on the basis of the doctrine of equitable subrogation in that: (a) Plaintiff made the $205,000 payment under its insurance policy with its insured in order to protect the Plantiff/subrogee/insurer's interest; (b) Plaintiff did not make the payment as a volunteer but did so after a claim was presented to the Plaintiff/subrogee/insurer by its insured; (c) Plaintiff was not primarily liable for damages incurred by its insured, but the Defendant in this action was primarily liable for the damages incurred by Plaintiff/subrogee/insurer's insured; (d) Plaintiff paid to its insured the entire amount that the Plaintiff/subrogee/insurer owed to its insured under the policy of insurance; and (e) subrogation would not work any injustice to the rights of any person or entities.

23.     Plaintiff has met all conditions precedent to filing this civil action against the Defendants.

## COUNT I – NEGLIGENCE

24.     Plaintiff repeats and realleges paragraphs 1 through 23 as though such allegations have been included herein.

25.     The Ice Maker was designed, manufactured and placed in the stream of commerce by the Defendant for residential use.

26.     Defendant had a duty to use reasonable care in designing, manufacturing and/or selling the Ice Maker so that it would not fail and cause harm to foreseeable users.

27.     Mr. Shinn, as the owner of the residence, was a foreseeable user of the Ice Maker.

28.     The Defendants breached their duty to Mr. Shinn in that the Ice Maker was

4

defective, causing it to fail and proximately cause harm to Mr. Shinn.

29.     Defendants knew or should have known that if they breached their duty to foreseeable plaintiffs like Mr. Shinn, the damage complained of herein could occur.

30.     The Ice Maker was defective when it left the care and control of the Defendant.

31.     The damages sustained would not have occurred but for Defendant's breach of their duty to Mr. Shinn.

32.     As a direct and proximate result of Defendant's breach of their duty, Mr. Shinn sustained damage.

33.     These damages were paid by the Plaintiff, Illinois Union, which is therefore subrogated to the interests of Mr. Shinn.

WHEREFORE, Plaintiff demands judgment against the Defendant in an amount in excess of the jurisdictional limitation of this court for actual, incidental, and consequential damages, plus interest, costs of this action as may be allowed by law, and for such other and further relief as this Court deems just and proper.

## COUNT II-STRICT PRODUCTS LIABILITY

34.     Illinois Union repeats and realleges paragraphs 1 through 23 as though such allegations have been included herein.

35.     The Ice Maker was designed, manufactured and placed in the stream of commerce by the Defendant for residential use.

36.     The Ice Maker is a product that the Defendant is in the business of designing, manufacturing, selling, and/or distributing.

37.     The Defendant sold the Ice Maker as a new product after it was manufactured.

38.     The Ice Maker was defective and unreasonably dangerous in that the Supply

Line was cracked when the Defendant placed the Ice Maker in the stream of commerce.

39.     The Ice Maker was in a defective condition at the time it left the possession or control of the Defendant.

40.     The Ice Maker was expected to and did reach the end user without substantial change to its condition.

41.     The Ice Maker was used for its intended purpose and/or for a purpose that was reasonably foreseeable by the Defendant.

42.     The defective and unreasonably dangerous condition of the Ice Maker was the proximate cause of the damages previously described.

43.     These damages were paid by the Plaintiff, Illinois Union, which is therefore subrogated to the interests of Mr. Shinn.

WHEREFORE, Illinois Union demands judgment against Defendant in an amount in excess of the jurisdictional limitation of this court for actual, incidental, and consequential damages, plus interest, costs of this action as may be allowed by law, and for such other and further relief as this Court deems just and proper.

Respectfully submitted this the 25th day of March, 2015.

COZEN O'CONNOR

BY:     */S/Richard Maleski*_____
Richard J. Maleski
Florida Bar No. 83841
200 South Biscayne Blvd., Suite 4410
Miami, Florida 33130
(T) 786-871-3940
(F) 786-220-0213
Rule 2.516 Designated Service E-Mail:
Primary E-Mail: rmaleski@cozen.com
Attorneys for Plaintiff, Illinois Union Insurance Company

6

## **<u>CERTIFICATE OF SERVICE</u>**

This is to certify that on the 25th day of March 2015, I electronically filed this AMENDED COMPLAINT with the Clerk of Court using the CM/ECF system, and served upon the following via United States Mail, first class, postage prepaid.

Matthew C. Martin
Gaebe, Mullen, Antonelli & Dimatteo
105 S. Narcissus Ave.
Suite 701
West Palm Beach, FL 3340
mmartin@gaebemullen.com

*Attorney for Defendant*


*/S/Richard Maleski*_____

7